Citation Nr: 1706031 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-49 995 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Medical and 
Regional Office Center in Fargo, North Dakota


THE ISSUE

Entitlement to a disability evaluation in excess of 20 percent for the Veteran's Type II diabetes mellitus. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Journet Shaw, Associate Counsel



INTRODUCTION

The Veteran is the appellant in the instant appeal. He had active service from June 1960 to June 1969 and from June 1979 to February 1984. The Veteran served in the Republic of Vietnam. He had additional duty with the North Dakota Army National Guard. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Fargo, North Dakota, Regional Office (RO) which, in pertinent part, denied an increased disability evaluation for the Veteran's Type II diabetes mellitus. In June 2012, the Board, in pertinent part, remanded the issue of an increased evaluation for the Veteran's Type II diabetes mellitus to the RO for additional action. 

In April 2014, the Board, in pertinent part, remanded the issue of an increased evaluation for the Veteran's Type II diabetes mellitus to the RO for additional action. In March 2016, the Board granted a total rating for compensation purposes based on individual unemployability due to service-connected disabilities (TDIU) and again remanded the issue of an increased evaluation for the Veteran's Type II diabetes mellitus to the RO for addition action. The Board has reviewed both the Veterans Benefit Management System (VBMS) and the "Virtual VA" files. This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of the Veteran's appeal should take into consideration the existence of this electronic record. 

The Veteran's appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. 


REMAND

In a July 2016 written statement, the Veteran advanced that "[i]f I exercise or have a lot of activity, my blood sugar will drop dangerously low and I have to take immediate action to correct it" and "1 realized this might play a role in raising my percentage." The Board observes that the Veteran was last afforded a VA diabetes mellitus examination in July 2012. 

VA's duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). When VA undertakes to obtain an evaluation, it must ensure that the evaluation is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Given the Veteran's contentions that his Type II diabetes mellitus has increased in severity, the Board finds that further VA diabetes mellitus evaluation is required to accurately determine the current nature and severity of his Type II diabetes mellitus. 

Clinical documentation dated after June 2015 is not of record. VA should obtain all relevant VA and private treatment records which could potentially be helpful in resolving the Veteran's claim. See Murphy v. Derwinski, 1 Vet. App. 78, 81-82 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide information as to all treatment of his Type II diabetes mellitus after June 2015, including the names and addresses of all health care providers whose records have not already been provided to VA. Upon receipt of the requested information and the appropriate releases, the RO should contact all identified health care providers and request that they forward copies of all available clinical documentation pertaining to treatment of the Veteran, not already of record, for incorporation into the record. 

If identified records are not ultimately obtained, the Veteran should be notified pursuant to 38 C.F.R. § 3.159(e) (2016). 

2. Associate with the record any VA clinical documentation not already of record pertaining to treatment of the Veteran, including that provided after June 2015. 

3. Schedule the Veteran for a VA diabetes mellitus examination conducted in order to determine the current nature and severity of his Type II diabetes mellitus. The examiner should express an opinion as to the impact of the Veteran's Type II diabetes mellitus upon his daily and vocational activities. 

All relevant medical records must be made available to the examiner for review of pertinent documents therein. The examination report should specifically state that such a review was conducted. A rationale for all opinions should be provided. 

4. Then readjudicate the issue of an evaluation in excess of 20 percent for the Veteran's Type II diabetes mellitus. If the benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC) which addresses all relevant actions taken on the Veteran's claim for benefits, to include a summary of the evidence considered, since the issuance of the last SSOC. An appropriate period of time should be allowed for response before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



______________________________________________
J. T. HUTCHESON
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).